1   DON G. RUSHING (CA SBN 87565)
    DRushing@mofo.com
2   MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 100
3   San Diego, California 92130-2040
    Telephone: 858-720-5100
4   Facsimile: 858-720-5125

5   REBEKAH KAUFMAN (CA SBN 213222)
    RKaufman@mofo.com
6   LAUREN WROBLEWSKI (CA SBN 291019)
    LWroblewski@mofo.com
7   MORRISON & FOERSTER LLP
    425 Market Street
8   San Francisco, California 94105-2482
    Telephone: 415.268.7000
9   Facsimile: 415.268.7522

10  Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DECARLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'14CV0202 JAH  BLM**<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>[San Diego Superior Court Case No. 37-2013-00074221-CU-MC-CTL] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Defendant" or "Costco") by and through its undersigned counsel, hereby removes this case from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. Defendant denies the allegations and damages claimed in the complaint, and files this notice without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court.

## TIMELINESS OF REMOVAL

1. On November 5, 2013, Plaintiff Jason DeCarlo filed a civil action in the Superior Court of California, County of San Diego, entitled *Jason DeCarlo v. Costco Wholesale Corporation*, *a Washington corporation; and Does 1 through 100, inclusive*, Case No. 37-2013-00074221-CU-MC-CTL. Plaintiff brings causes of action for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and the Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56 *et seq.*

2. On December 31, 2013, Plaintiff served Defendant with a copy of the summons and complaint. A true and correct copy of the summons and complaint, along with "all [remaining] process, pleadings and orders served upon" Defendant to date while this action was pending in San Diego Superior Court, are attached hereto as Exhibit A to the Declaration of Lauren L. Wroblewski. 28 U.S.C. § 1446(a).

3. Defendant's removal notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the summons and complaint upon Defendant on December 31, 2013.

## VENUE

4. The Superior Court of California, County of San Diego, is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL JURISDICTION

5. <u>Generally.</u> This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of Defendant, the number of members of the putative class of plaintiffs is more than 100, and the amount in controversy, if Plaintiff proves his allegations, exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

6. <u>Covered Class Action.</u> The Class Action Fairness Act ("CAFA") defines a "civil action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2)(A), because Plaintiff brings his action individually and on behalf of all individuals who, within four years preceding the filing of the complaint, "purchased eye examinations and/or eyewear at a Costco store after examination by an optometrist affiliated with the Costco store," and because Plaintiff requests class recovery pursuant to California Code of Civil Procedure section 382. (*See* Compl. ¶¶ 13-18 (addressing numerosity, commonality, typicality, adequacy, and superiority requirements).)

7. <u>Diversity.</u> The diversity requirement of § 1332(d) is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

1       a.      The named Plaintiff, Jason DeCarlo, is a resident and citizen of the
2  state of California.  (Compl. ¶ 4.)
3       b.      Defendant is a corporation organized and existing under the law of the
4  state of Washington, with its principal place of business also located in
5  Washington.  (*See id.* ¶ 5.)  Therefore, Defendant is a citizen of the state of
6  Washington.
7       c.      The citizenship of defendants sued as "Doe" defendants is disregarded
8  for purposes of removal.  28 U.S.C. § 1441(b)(1).
9       8.      <u>The Proposed Class Exceeds 100 Members.</u>  Plaintiff alleges that the
10 putative class action consists of "all individuals, who within four years preceding
11 the filing of [the] complaint, purchased eye examinations and/or eyewear at a
12 Costco store after examination by an optometrist affiliated with the Costco store."
13 (Compl. ¶ 12.)  The proposed class exceeds CAFA's 100-member threshold.  (*See*
14 Declaration of Art Salas ("Salas Decl.") ¶ 3.)
15      9.      <u>Matter in Controversy.</u>  Pursuant to 28 U.S.C. § 1332(d)(2), this Court
16 has "original jurisdiction of any civil action in which the matter in controversy
17 exceeds the sum or value of $5,000,000 exclusive of interest and costs."  As
18 provided in 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the
19 individual class members shall be aggregated to determine whether the matter in
20 controversy exceeds the sum or value of $5,000,000, exclusive of interest and
21 costs."
22      a.      Plaintiff alleges that the damages sought by the putative class are
23 greater than $25,000.  (Compl. ¶ 10.)  Where the named plaintiff of a putative class
24 action fails to plead a specific amount in controversy, a defendant can remove the
25 action by demonstrating by a preponderance of the evidence that the $5,000,000
26 jurisdictional amount is met.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728
27 F.3d 975, 981 (9th Cir. 2013); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,
28 701 (9th Cir. 2007).  Defendant does not concede that it is liable to Plaintiff or the

1  purported class in any amount, or at all.  Nevertheless, without conceding the merit
2  of Plaintiff's allegations, a fair reading of the complaint demonstrates that the
3  "matter in controversy" well exceeds the sum or value of $5,000,000 for purposes
4  of removal.

5       b.     The complaint alleges that during eye examinations at Defendant's
6  retail locations, the examining optometrists obtain medical information from
7  patients that the optometrists then provide to Defendant's retail employees for non-
8  medical reasons without authorization. (Compl. ¶¶ 48-49.)   Plaintiff alleges that
9  this practice violates the CMIA, which prohibits the unauthorized disclosure of
10 confidential medical information. (*See id.* ¶¶ 47, 50).

11      c.     As a result of the alleged unauthorized disclosure of medical
12 information, Plaintiff avers that he and every member of the class are each entitled
13 to $1,000 in nominal damages, in addition to actual damages, under the CMIA.  *See*
14 Cal. Civil Code § 56.36(b)(1) (authorizing nominal damages of $1,000 against any
15 person or entity who negligently releases confidential information or records
16 concerning an individual); (Compl. ¶ 51).  During even a one-year period, the
17 number of putative class members whose medical information was allegedly shared
18 exceeds 5,000.  (*See* Salas Decl. ¶ 3.)  In particular, in one California Costco store
19 between November 5, 2012, and November 5, 2013, 5,988 customers received an
20 eye examination and then purchased eyewear—consistent with the class definition.
21 (*Id.*)  In three other California stores, the total numbers were, respectively, 5,108
22 customers, 6,263 customers, and 6,249 customers, during this time period.  (*Id.*)
23 Plaintiff's request for nominal damages for the alleged sharing of each patient's
24 medical information alone therefore places over $5,000,000 in controversy in this
25 litigation.

26      d.     Additionally, Plaintiff asserts that he and each class member are
27 entitled to actual damages based on his contention that they paid above-market
28 prices for eyewear.  (*See* Compl. ¶¶ 29, 35, 43, 45.1, 45.3; Prayer ¶¶ 1, 3-4.)  This

DEF. COSTCO WHOLESALE CORP.'S NOTICE OF REMOVAL
sf-3368429
5

1 amount is also included in the amount in controversy calculation.

2       e.    Plaintiff also seeks an award of attorney's fees. (*Id.* Prayer ¶ 5.) This amount is included in the amount in controversy calculation. *See Guglielmino*, 506 F.3d at 700.

      f.    Plaintiff also seeks injunctive relief to prevent Costco from offering customers the ability to both obtain an eye examination and purchase the resulting prescription eyewear in its stores. (*See* Compl. ¶¶ 26, 45.2.) The value of the requested injunctive relief to either Defendant or the class should be included in the amount in controversy. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

      g.    Plaintiff also seeks punitive damages. (Compl. ¶ 45.4.) Punitive damages are included in calculating the amount-in-controversy. *See Guglielmino*, 506 F.3d at 700.

      h.    In light of Plaintiff's demands for compensatory damages, statutory damages, restitution, disgorgement, injunctive relief, punitive damages, and the potential attorney's fee award, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. Therefore, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, this action is removable.

10.    <u>No CAFA Exceptions.</u>  The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Defendant is not a citizen of California, the state in which the action originally was filed, and no other exclusion applies.

## CONSENT AND JOINDER

11.    No consent is necessary as to the defendants Does 1 through 100 who are not named in the complaint and have not been served. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded in part by statute as stated in Ethridge v. Harbor House Res.*, 861 F.2d 1389 (9th Cir.1988).

**NOTICE TO STATE COURT AND PLAINTIFF**

12. Counsel for Defendant certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego, and served on Plaintiff promptly.

Dated: January 29, 2014

DON G. RUSHING
REBEKAH KAUFMAN
LAUREN WROBLEWSKI
MORRISON & FOERSTER LLP

By: /s/ Lauren Wroblewski
LAUREN WROBLEWSKI

Attorney for Defendant
COSTCO WHOLESALE CORPORATION
LWroblewski@mofo.com