# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DECARLO, individually and on behalf of others similarly situated,<br><br>                            Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION, a Washington corporation, and Does 1 through 100, inclusive,<br><br>                           Defendants. | Case No.: 14cv00202 JAH-BLM<br><br>**ORDER GRANTING DEFENDANT MBNR'S MOTION TO DISMISS AND GRANTING DEFENDANT COSTCO'S MOTION IN PART**<br>**[Doc. Nos. 69, 71]** |

Pending before the Court are Defendant MBNR, Inc.'s motion to dismiss (Doc. No. 69) and Costco Wholesale Corporation's motion to dismiss (Doc. No. 71). Plaintiff opposes the motions. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS Defendant MBNR's motions and GRANTS Defendant Costco's motion in part.

## BACKGROUND

Plaintiff, Jason Decarlo, originally filed a class action complaint in Superior Court of the State of California, County of San Diego on November 5, 2013 against Costco

Wholesale Corporation and Does 1 through 100 inclusive. Defendant Costco removed the action to federal court and moved to dismiss for lack of subject matter jurisdiction. The Court granted the motion, dismissed the action without prejudice and provided Plaintiff an opportunity to file an amended complaint that addressed the noted deficiencies.

On October 24, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Costco, MBNR, Inc. and Nancy K. Rhodes. Defendants Costco and MBNR moved to dismiss the FAC. Finding Plaintiff failed to allege particularized and concrete economic injury and, thereby, failed to establish subject matter jurisdiction, the Court granted the motions and dismissed the FAC. The Court provided Plaintiff another opportunity to amend. Plaintiff filed a Second Amended Complaint ("SAC") against Costco and MBNR asserting claims for unlawful, fraudulent and unfair business practices in violation of California's Business and Professions Code section 17200 ("UCL"); dissemination of false and misleading advertisements in violation of California Business and Professions Codes section 17500 ("FAL"); and unfair business practices in violation of California Civil Code section 1750, *et. seq.*, ("CLRA"). Defendants moved to dismiss the SAC for failure to establish Article III standing and statutory standing, and failure to state a claim. Finding it lacked subject matter jurisdiction due to Plaintiff's failure to sufficiently allege injury, the Court granted the motions and dismissed the SAC with prejudice.

Plaintiff appealed the order and the Ninth Circuit Court of Appeals reversed the order in part, vacated in part and remanded the action for further proceedings. Specifically, the court determined Plaintiff failed to establish injury in support of the unlawful prong of the UCL but this Court's dismissal with prejudice was improper. The court vacated the dismissal with prejudice and remanded for dismissal without prejudice. The court determined Plaintiff alleged injury in support of his FAL, CLRA and UCL unfair and fraudulent claims based on the allegation that it was misleading to market Costco-based optometrists as independent. The court also found Plaintiff sufficiently alleged statutory standing under California law with respect to his misrepresentation claims and satisfied the UCL's and FAL's causation requirements.

2

On November 20, 2018, Plaintiff filed a Third Amended Complaint ("TAC") asserting claims for fraudulent and unfair business practices in violation of the UCL; violation of the FAL; and violation of the CLRA.

Defendants filed separate motions to dismiss the TAC for failure to sufficiently allege facts to state a claim. MBNR joins in Costco's motion. Plaintiff filed separate oppositions to the motions and Defendants filed separate replies. The motions were set for hearing but were taken under submission without oral argument pursuant to Local Rule 7.1.

## LEGAL STANDARDS

Defendants argue Plaintiff's TAC fails to state a claim because Plaintiff fails to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and fails to allege entitlement to relief pursuant to Rule 8.

**I. Rule 12(b)(6)**

Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-

3

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**II. Rule 9(b)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to set forth "the who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003); Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of

4

was false and misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

**III. Rule 8**

Under Rule 8, a complaint "must contain (1) a short plain statement of the grounds for the court's jurisdiction. . .(2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## DISCUSSION

**I. Defendant MBNR**

Defendant MBNR contends the Ninth Circuit limited Plaintiff's claims to those based upon the allegation it was misleading to market the optometrists as independent. MBNR also argues Plaintiff fails to plead facts with particularity as to MBNR and his allegation that MBNR aided and abetted Costco fails to state a claim under the UCL or FAL.

**A. Effect of Ninth Circuit Decision**

MBNR maintains the Ninth Circuit's decision narrowed Plaintiff's standing to claims he was misled. Plaintiff contends the Ninth Circuit did not foreclose his ability to allege that MBNR violated its duty to disclose that the exams it offered were not performed in conformity with California law as an additional basis for his claims under the "fraudulent" and "unfair" prongs of the UCL. Plaintiff maintains his current claim differs from the former "unlawful" claim because his harm is traceable to MBNR's omission. In reply, MBNR contends Plaintiff cannot rely on the allegation that the landlord-tenant relationship was illegal as a basis for extending liability to MBNR for Costco's advertising conduct because such a claim is a mere extension of Plaintiff's allegations the landlord-tenant relationship was illegal which was dismissed for lack of standing.

The Ninth Circuit determined this Court properly found Plaintiff lacked standing to assert claims under the "unlawful" prong of the UCL because the alleged harm was not

5

"fairly traceable to the mere fact that Costco and MBNR allegedly violated certain provisions of California law regulating their business relationships." Memorandum at 2. The court remanded the matter with instruction that the claim is dismissed without prejudice because without jurisdiction to reach the merits there was no power to dismiss with prejudice. Plaintiff contends his current allegations that Defendants violated the "fraudulent" and "unfair" prongs of the UCL by failing to disclose the exams were not provided in conformity with California law differ from the "unlawful" prong claim of his previous complaint because he now alleges harm traceable to Defendants' failure to disclose the exams were illegal. However, the allegations regarding harm in the TAC are nearly identical to the allegations of harm alleged in support of his claim under the "unlawful" prong in the SAC which the Ninth Circuit rejected. Compare TAC ¶¶ 75, 79, 85, 104 to SAC ¶¶ 76, 78, 79, 83. The Court finds Plaintiff fails to sufficiently allege harm to support his claims based upon Defendants' failure to disclose the exam did not conform with California law. Accordingly, the claims asserting violations based upon the illegal business structure are subject to dismissal.[1]

## B. Failure to State a Claim

### 1. Parties' Arguments

MBNR argues Plaintiff fails to plead any facts with particularity as to MBNR and, therefore, his TAC fails under the heightened standard of Rule 9(b), as well as the ''reasonable particularity'' standard of Rule 8. Defendant argues the TAC lacks any allegations that it personally participated in the allegedly misleading advertising and Plaintiff cannot assert claims based on vicarious liability. Specifically, Defendant MBNR maintains Plaintiff does not allege that MBNR made a single statement upon which he relied in deciding to obtain an eye examination. MBNR contends the allegations surrounding the misrepresentation do not mention MBNR, and instead concedes that any

---

[1] Because the claims are subject to dismissal, Plaintiff's arguments in support of the claims based upon allegations of an illegal business structure will not be addressed in this order.

6

marketing or advertising materials viewed by Plaintiff were directed by Costco. Defendant argues this falls short of the heightened pleading standard set forth in Rule 9(b), as well as the pleading standards of Rule 8.

MBNR also argues to the extent Plaintiff alleges it aided and abetted Costco, the claims fails as a matter of law because California law prohibits claims of vicariously liability.

In response, Plaintiff argues MBNR is liable under the UCL and FAL for aiding and abetting Costco's misrepresentations and omissions. He maintains MBNR's argument rests on the false premise that vicarious liability and aiding and abetting are the same thing and the cases cited by MBNR recognize that a defendant will be held liable for another's misstatements or omissions if the defendant knowingly aided and abetted in the wrongful conduct. He further maintains he does not seek to hold MBNR vicariously liable for Costco's misrepresentations and omission of which MBNR was ignorant but rather, the complaint alleges that Costco and MBNR entered into a scheme in which MBNR played a role in controlling the material aspects of the optometrists' practices in order to benefit Defendants. The scheme put the lie to Costco's representation that the optometrists were independent. Plaintiff argues this control also imposed on Costco a duty to disclose that the exams were being performed by optometrists under its and MBNR's control. Because MBNR aided and abetted Costco in this scheme, Plaintiff argues, MBNR can be held liable under the UCL and FAL for Costco's misstatements and omissions.

Plaintiff further argues MBNR is directly liable for failing to disclose that the optometrists were under its and Costco's control and influence regarding fundamental aspects of the optometrists' practices because it had an affirmative duty to do so. In support, Plaintiff argues MBNR had an affirmative duty because the fact of the control exerted was material and only it, Costco and the optometrists knew the degree to which Defendants asserted control and influence over the optometrists. In addition, Plaintiff argues MBNR had a duty to affirmatively disclose its and Costco's relationship with the optometrists and the degree of control and influence Defendants exerted over them to cure

7

the false perception presented by the signs in or near the leased space which proclaimed the optometrists independent. Plaintiff maintains he alleges MBNR knew the optometrists were operating under its and Costco's control and influence and Plaintiff alleges that MBNR and Costco intentionally omitted any disclosure of the fact. Plaintiff also maintains he alleges he would not have undergone his exam had he known the truth about the optometrist and reliance is presumed here because the information is material. Plaintiff maintains he sufficiently alleged economic injury caused by the misrepresentations by alleging that he would not have purchased an eye exam from the optometrist had he been advised that the exam would be provided by an optometrist who was subject to MBNR and Costco's control and influence regarding significant aspects of the optometrist's practice.

In reply, MBNR argues Plaintiff pleads no facts alleging that MBNR had any personal participation in Costco's marketing or advertising conduct that forms the basis of his claim. MBNR maintains liability cannot be imposed because there are no allegations that it aided and abetted Costco's marketing or advertising of the optometrist as independent which is the unlawful practice at issue here, not the allegedly illegal tenancy. Defendant contends Plaintiff's argument that Costco and MBNR together created the allegedly illegal landlord-tenant scheme that gave the parties control over the optometrist rendering her less than independent fails because it is predicated on a claim that the Ninth Circuit eliminated from this case when it determined Plaintiff lacks standing to bring a claim based on the illegality of the alleged scheme. MBNR argues Plaintiff cannot rely on the allegation that the landlord-tenant relationship was illegal as a basis for extending liability to MBNR for Costco's separate advertising and marketing conduct because it is a mere extension of Plaintiff's allegations that the landlord-tenant relationship was illegal a claim for which Plaintiff lacks standing.

MBNR also argues it cannot be held liable for failure to disclose the optometrist was not independent because it had no legal duty to do so. Defendant contends Plaintiff pleads no facts establishing that he had any relationship whatsoever with MBNR and, absent allegations of a relationship or transaction with MBNR, he cannot maintain a claim for an

8

omission because there was no duty to disclose under California law. Even if Plaintiff alleged some sort of relationship, MBNR contends, Plaintiff pleads no facts to constitute actionable fraud by omission. Specifically, MBNR contends Plaintiff does not allege that MBNR has exclusive knowledge of material facts not known to Plaintiff as his allegations include knowledge by Costco and the optometrists. Additionally, MBNR contends Plaintiff fails to allege it actively concealed any material facts from Plaintiff, as he does not claim that he ever sought information from the optometrist, Costco or MBNR about the lease arrangement that resulted in the optometrist having an office located inside a Costco warehouse, or that MBNR took any steps to prevent the optometrist or Costco from answering any questions Plaintiff may have asked. MBNR also argues Plaintiff does not allege that MBNR made any partial representation to him that also suppressed material facts. Instead, Defendant maintains, Plaintiff argues that MBNR had a legal duty to cure any false perception that might have been created by signs allegedly posted by Costco near the leased space stating that an independent doctor of optometry worked there, but MBNR argues, this allegation does not fit within the partial representation circumstance as to MBNR and, therefore, cannot give rise to any legal duty for MBNR to disclose information to Plaintiff.

**2. Analysis**

Liability under the UCL cannot be predicated on vicarious liability but a defendant who participates in the unlawful practices, either directly or by aiding and abetting the principal, may be subject to liability. People v. Toomey, 157 Cal.App.3d 1, 14-15 (1984). Liability may be imposed on those who aid and abet another's violation of the UCL if the individual knows the other's conduct constitutes a violation and gives substantial assistance or encouragement to the other to so act. People v. Sarpas, 225 Cal.App.4th 1539, 1563 (2014).

In the TAC, Plaintiff alleges Costco and MBNR executed an agreement under which Costco leases office spaces immediately adjacent to the optical department in Costco retail locations throughout California which enables MBNR to sublease the space to California-

licensed optometrists and requires MBNR to charge optometrists rent equal to 15% of their gross revenues, a portion of which MBNR pays to Costco. TAC ¶¶ 45, 46. Plaintiff further alleges the leases with the optometrists are designed to provide Costco and MBNR control over the optometrists' practices, including limiting the lease term to one year to be renewed upon MBNR's discretion; providing MBNR the right to terminate the lease at any time with 30 days notice; requiring the optometrists to see patients at least forty-eight (48) hours per calendar week with a minimum of seven (7) hours on a Saturday which, in conjunction with denying the optometrists access to their office outside store hours, ensures the optometrists are seeing patients when the Costco optical department is open; and preventing them from placing signs without MBNR's consent Id. ¶¶ 49, 51, 52, 54, 78. He also alleges MBNR told the optometrists that they must charge $49 for an eye exam, the optometrists have limited control over therapies they provide, the optometrists are audited to ensure conformity with quotas and high-ranking Costco employees are consulted before MBNR renews any lease. Id. ¶¶ 53, 54, 55, 56, 57, 93.

The TAC also alleges Costco lures customers into their stores by advertising, on the Costco website, in print media, and on prominent signs and displays in its stores, the availability of eye examinations from "Independent Doctors of Optometry" but fail to disclose that the optometrists are subject to Costco and MBNR's control and influence. Id. ¶¶ 61, 66.

Plaintiff specifically alleges he visited the optical department at the Costco store at 12155 Tech Center Drive in Poway, California on June 23, 2012, after having seen Defendants' advertising both online and on prior trips to the store regarding the availability of onsite eye exams from an independent doctor and he purchased an eye exam from the optometrist for $49. Id. ¶¶ 69, 70. He further alleges the optometrist was a tenant of MBNR and was operating under the same lease described above and was, therefore, subject to Defendants' control and influence regarding material aspects of her day-to-day practice, including, at a minimum, her hours of operation, fees she charged, services she advertised, therapies she offered, the length of her exams, the scope of her exams, and the equipment

she used to conduct the exams. Id. ¶ 72. Plaintiff alleges Defendants misrepresented the doctors practicing out of Costco locations were independent when they were actually under Defendants' control and influence. Id. ¶¶ 81, 101, 114.

Plaintiff seeks relief under section 17200 for the misrepresentation that the optometrist was independent and the failure to disclose the optometrist was not independent but under the influence and control of Defendants. Under California law, a cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact. See Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1126–1127, 117 Cal.Rptr.3d 262 (2010). "There are four circumstances in which a duty to disclose may arise such that nondisclosure or concealment constitutes actionable fraud: (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts." LiMandri v. Judkins, 52 Cal.App.4th 326, 336 (1997) (citations omitted). "The first circumstance requires a fiduciary relationship; each of the other three 'presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.'" Deteresa v. Am. Broad. Cos., 121 F.3d 460, 467 (9th Cir. 1997) (quoting LiMandri, 52 Cal.App.4th at 3363-7). "Such relationships 'are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances.' Examples are 'seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'" Id. (quoting LiMandri, 52 Cal.App.4th at 337). Plaintiff fails to allege facts demonstrating a relationship or transaction with Defendant MBNR to support the failure to disclose theory.

Additionally, the Court finds Plaintiff's allegations do not support his assertion that MBNR aided and abetted Costco's misrepresentations. Plaintiff alleges that MBNR aided and abetted by entering subleases with the optometrists which gave Costco and MBNR

11

influence and control over the optometrists' practices and made Costco's representation that the doctors were independent false. The wrongful conduct alleged is the misrepresentation of the doctors as independent, not the business structure that allowed the influence and control. In Toomey, a case cited by both parties, the court found the president of a corporation that sold discount coupons could be held personally liable for misleading representations made during telephone solicitations by employees because of his control over the solicitation practices and his participation. 157 Cal.App.3d at 15. There are no allegations here of MBNR having any control, influence or involvement in Costco's advertising. Therefore, the claims against MBNR are insufficiently pled.

## II. Costco's Motion

Defendant Costco argues Plaintiff fails to satisfy the heightened pleading standard for fraud allegations and fails to plausibly allege entitlement to relief.

### A. Heightened Pleading Standard

Defendant argues Plaintiff does not plausibly allege that misrepresentations or omissions by Costco about his optometrist misled him into purchasing an eye exam.

#### 1. Misrepresentations

Defendant Costco argues Plaintiff fails to identify, with particularity, what statements he relied on, when he saw them, where they were located, and why they were misleading. Defendant contends Plaintiff only generally states he saw Defendants' advertising about the availability of onsite eye exams by independent doctors of optometry both online and on prior trips to the store. Costco argues Plaintiff fails to identify the advertising with particularity in that he does not allege what else this advertising said, precisely when he saw it, or precisely where online and on prior trips it was located.

Costco also contends Plaintiff does not allege any facts showing that the optometrist he saw, Dr. Rhodes, was not independent, and argues he, thus, fails to explain with particularity why Costco's alleged representations of an "Independent Doctor of Optometry" or purported failures to disclose control over the optometrists were fraudulent. Costco maintains missing from the TAC is any allegation regarding Dr. Rhodes' practice

12

and the anecdotes from another lawsuit and the rental agreements between MBNR and the optometrists on which he relies are unavailing. Costco argues the examples fail to demonstrate Dr. Rhodes was not independent and her lease demonstrates her independence as it protects her right to control her practice and determine the prices she charges. Further, Costco argues Plaintiff fails to allege, that MBNR or Costco, ever precluded Dr. Rhodes from installing any signs or advertisements and he also fails to show how that would have caused him an injury. Costco argues Plaintiff does not allege that Dr. Rhodes ever had her lease threatened for falling below the alleged acceptable threshold and he does not explain how MBNR's request for input from Costco supervisors on renewing the optometrists' leases endangers an optometrist's independence.

In opposition, Plaintiff argues he sufficiently alleges that Costco engaged in fraud by affirmatively misrepresenting that the optometrists practicing in its stores were independent. Plaintiff maintains he alleges Costco exerted control and influence over the tenant-optometrists practicing out of its stores and the language in the leases purporting to grant optometrists the right "to exercise free and independent and unlimited professional judgment" and to conduct their practices free of MBNR's control is contradicted by section 3.4 of the lease which required the optometrists to work for at least forty-eight (48) hours per calendar week with a minimum of seven (7) hours on Saturday and by section 12.2 which prevents the optometrists from placing any signs or advertisements without the express consent of MBNR. He further contends the TAC includes numerous allegations that, contrary to the express terms of the lease, Costco and MBNR uniformly conducted themselves in ways that contradicted the lease language, including: threatening to terminate the lease if the optometrist did not charge $49 for an exam, although the lease states optometrists have the right to determine prices; setting rent as a percentage of their gross revenue which gave Defendants access to the optometrists' office data such as the number of hours they worked, the number of eye exams performed and their gross receipts to allow Defendants to assess each optometrist's performance; MBNR confronting optometrists who advertised or offered therapies such as Lasik that would allow patients to permanently

13

correct their vision without having to rely on the corrective lenses Costco sells; and Defendants dictated the number of patients they must see per day and thus how long the optometrists could spend with each patient.

Plaintiff further argues the Ninth Circuit already determined he sufficiently alleged Dr. Rhodes was subject to the same control and influence of other optometrists. Furthermore, he maintains he expressly alleges Rhodes was subject to Defendants' control and influence and she was subject to the same lease used for all optometrists throughout Costco' s California locations. Additionally, Plaintiff contends his allegations of how MBNR and Costco exerted control over their tenant-optometrists implies a uniform scheme by Defendants regarding the treatment of optometrists throughout its California locations and the TAC ties Rhodes to the uniform policies dictated by Defendant including how much they must charge for an eye exam.

Plaintiff also argues he sufficiently alleges Costco's fraud. He maintains he identifies the misrepresentation as "Independent Doctor of Optometry," he identifies Costco as the party who posted signs and displays in the Costco store, he alleges the signs were in optical departments in June 2012 and puts Defendant on notice of his intent to show the misrepresentations began November 2009, and the allegations surrounding the control Costco had over the optometrist allege why the statements were misleading.

In reply, Costco argues Plaintiff's position regarding the optometrist's independence runs counter to the express language of the lease agreement. Additionally, Costco argues it could not know precisely when Plaintiff allegedly observed the advertisement better than Plaintiff himself.

Plaintiff sufficiently alleges Dr. Rhodes was not independent when he alleges Dr. Rhodes operated under the same lease which allegedly provided Defendants control and influence over material aspects of the optometrist's practice. However, he fails to allege facts surrounding the advertisements he saw with the required specificity. Rule 9(b) requires a plaintiff's allegations of fraud "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can

14

defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993)). This may not require exact dates but Plaintiff should narrow the range of dates to a reasonable period of time. Plaintiff's allegations that he saw Defendants' advertising sometime before his visit to the store for his eye exam in June 2012 is too imprecise. Additionally, Plaintiff's allegations of seeing the ads "in various forms in the public domain" do not allow Defendants to prepare an adequate defense against the allegations.

**2. Omissions**

**a. Sufficiency of Allegations**

Defendant argues Plaintiff fails to allege Dr. Rhodes was not independent to support his claim based on omission.

Plaintiff contends he sufficiently alleges Costco engaged in a fraudulent business practice by omission for failing to disclose that the optometrists practicing out of its stores were subject to its control. He maintains Costco had an affirmative duty to inform customers that the optometrist practicing inside its stores were not independent because the independence of the optometrist was a material part of the bargain, only Costco, MBNR, and the optometrists knew the degree to which Costco asserted control and influence over the optometrists, and Costco was required to cure the false perception the optometrists were independent. He further maintains Costco knew the optometrists were operating under its indirect control and influence. Plaintiff contends he also alleges Costco's intent to offer on-site exams to boost eyewear sales while knowing consumers prefer healthcare professionals who are free from conflicts of interest and intentionally omitting any disclosure of the fact the optometrists were subject to its control and influence regarding material aspects of their practices. He also contends the Ninth Circuit held, in this case, that Plaintiff sufficiently alleged that he would not have undergone his exam had he known the truth about the optometrist providing them and reliance is presumed here where the

15

1 information at issue was material. Further, he maintains the Ninth Circuit held in this case, that he sufficiently alleges economic injury

As discussed above, the Court finds Plaintiff sufficiently alleges Dr. Rhodes was not independent. Therefore, Plaintiff plausibly alleges the omission that Dr. Rhodes was not independent misled him into purchasing the eye exam.

**b. Omissions Under the FAL**

Costco argues FAL claims based on omissions are impermissible. Plaintiff maintains a plaintiff may state a claim under the FAL if the defendant made a statement, but omitted information that undercuts the veracity of the statement. Because Costco made the representation that its optometrists were independent, Plaintiff argues, Costco can be held liable under the FAL for failing to disclose that the optometrists working in its stores were under its control and influence.

The FAL prohibits the dissemination of untrue or misleading statements which are known or should be known to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. Most courts addressing the issue, recognize a requirement that there be at least some affirmative misrepresentation to support a claim under the FAL. See McCoy v. Nestle USA, Inc., 173 F.Supp.3d 954, 970 (2016) (discussing district court and California appellate court cases addressing the issue). This Court agrees. In the TAC, Plaintiff alleges Defendants advertised "Independent Doctors of Optometry" while failing to disclose the doctors performing exams were subject to Defendants' control and influence regarding material aspects of their practices. TAC ¶ 100. Plaintiff alleges an affirmative misrepresentation to support his FAL claim.

**B. Entitlement to Relief**

Defendant argues Plaintiff does not demonstrate a cognizable injury under California law. Costco also argues Plaintiff fails to demonstrate he is entitled to restitution and fails to allege relief under CLRA.

//
//

1. **Cognizable Injury**

Costco argues Plaintiff fails to allege cognizable injury under California law. Defendant maintains Plaintiff must allege facts regarding where he would have gone for his eye exam and whether he could have obtained the same eye exam for less and fails to do so.

Plaintiff argues, in opposition, the Ninth Circuit examined Plaintiff's injury allegations and determined Plaintiff sufficiently alleges Article III and statutory standing. Plaintiff maintains this is law of the case.

The Court agrees. Plaintiff sufficiently alleges injury under California law.

2. **Restitution**

Costco argues Plaintiff fails to sufficiently allege entitlement to restitution. For restitution to be available, Costco maintains, the offending party must have obtained something from the plaintiff to which it was not entitled and Plaintiff alleges he paid $49 to Dr. Rhodes, not Costco or MBNR.

Plaintiff argues courts regularly award restitution where a defendant obtains money from the plaintiff through intermediaries. Here, he argues, he alleges he paid money to Dr. Rhodes for the exam and Rhodes paid 15% of the fee to MBNR which, in turn, paid a portion to Costco.

In reply, Defendant argues the money that the optometrist receives for eye exams is not funneled directly or indirectly to Costco, as Costco makes its money, according to the allegations of the TAC through sales of eyeglasses. Defendant contends because Plaintiff does not allege that the $49 he paid to Dr. Rhodes for the eye exam traces through to a Costco account, nor does he allege that he personally contributed to Costco's "increased eyewear sales, Costco never acquired Plaintiff's money or property,

Plaintiff alleges he lost money as a result of Defendants' fraudulent and unfair business activity by paying for the eye exam and he seeks restitution of the exam fees they paid. TAC ¶¶ 79, 88, 98, 107, 116. He further alleges Defendants entered an agreement whereby MBNR would charge the tenant–optometrists rent equal to 15% of the

17

optometrists' gross revenues, which consists of fees collected for exams, and MBNR pays a portion of the profits it receives from the tenants to Costco. Id. ¶ 46.

Pursuant to the statute, remedies for violations of the UCL are limited. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134 (2003). Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 179 (1999). "Restitution is broadly designed 'to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.'" Ewert v. eBay, Inc., 602 F. App'x 357, 359 (9th Cir. 2015) (citing Korea Supply Co., 29 Cal.4th at 1149, 131 Cal.Rptr.2d 29, 63 P.3d 937). California courts have recognized that "in appropriate circumstances, the plaintiff in a UCL action may obtain restitution from a defendant with whom the plaintiff did not deal directly." Shersher v. Superior Court, 154 Cal.App.4th 634, 640 (2007) (citing Hirsch v. Bank of America, 107 Cal.App.4th 708 (2003)). Courts have found restitution appropriate if the plaintiff claims an ownership interest in the monies sought and the defendant received benefit from the monies. See People ex rel. Harris v. Sarpas, 225 Cal.App.4th 1539, 1558-1562 (2014); Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305, 1338-1341 (2009); Shersher, 154 Cal.App.4th 638-641. Plaintiffs sufficiently allege an ownership interest in the money paid for the exam and the benefit Defendants received, and therefore, properly seek restitution.

### 3. CLRA Claim

Costco argues Plaintiff's CLRA claim fails because he does not allege the required transaction. Defendant maintains the CLRA requires a consumer transaction between a plaintiff and a defendant to establish liability and Plaintiff alleges he purchased his eye exam from Dr. Rhodes. not Costco.

In opposition, Plaintiff argues courts hold CLRA liability is not limited to the party who accepts money in exchange and a defendant who personally participates in a scheme is subject to liability. Plaintiff maintains he alleges Costco personally participated in the

scheme. Additionally, Plaintiff argues, Costco's argument involves a strict interpretation of a transaction but the CLRA defines transaction broadly.

In reply, Defendant argues Plaintiff's attempt to broaden the meaning of "transaction" to cover the "scheme" alleged in the complaint stretches the term beyond its common sense meaning and CLRA's context.

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The CLRA defines a "transaction" as "an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Cal. Civ. Code § 1761. The CLR must be "liberally construed and applied to promote its underlying purposes." Cal. Civ. Code § 1760. Plaintiff's allegations that Costco entered into an agreement with MBNR whereby MBNR would lease space fully equipped office space to optometrists which required the optometrist to pay a portion of their exam fees to MBNR who provided a portion to Costco sufficiently allege a transaction under the CLRA. Accordingly, Defendant's motion to dismiss the CLRA claim is for failure to allege a transaction is denied.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant MBNR's motion to dismiss is **GRANTED**;

2. Defendant Costco's motion to dismiss is **GRANTED IN PART**;

4. Plaintiff may file an amended complaint addressing the deficiencies **on or before April 24, 2020**.

DATED: March 23, 2020

JOHN A. HOUSTON
United States District Judge